J-S62019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE D. YOUNG | |
| Appellant | No. 408 WDA 2015 |

Appeal from the PCRA Order January 22, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000315-2012
CP-33-CR-0000316-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE D. YOUNG | |
| Appellant | No. 409 WDA 2015 |

Appeal from the PCRA Order February  17, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000315-2012
CP-33-CR-0000316-2012

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 16, 2015**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant Andre D. Young appeals *pro se* from the order entered in the Jefferson County Court of Common Pleas, which dismissed his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously set forth the relevant facts and procedural history underlying this appeal as follows:

> On April 24, 2012, state police utilized a confidential informant ("CI-1") to conduct a controlled purchase of heroin from Appellant and co-defendant, Anthony Harris, at 229½ Cranberry Alley in Punxsutawney.  On April 30, 2012, police utilized another informant ("CI-2") to conduct a second controlled purchase of heroin directly from Appellant at the Cranberry Alley residence.  Following the second transaction, police stopped Appellant outside the residence, performed a frisk, and recovered prerecorded buy money from his pocket.
>
> At No. 315 of 2012, the Commonwealth filed a criminal information charging Appellant with conspiracy in conjunction with the April 24, 2012 controlled purchase. At No. 316 of 2012, the Commonwealth filed a criminal information charging Appellant with possession of a controlled substance and delivery of a controlled substance in conjunction with the April 30, 2012 controlled purchase. On September 7, 2012, Appellant filed omnibus pretrial motions to suppress evidence and compel discovery.  The court conducted a hearing on the motions on October 31, 2012. After receiving testimony, the court denied the suppression motions and granted the motion to compel discovery.  At the conclusion of the hearing, the Commonwealth moved to consolidate the charges for trial. Appellant objected to consolidation, but the court granted the Commonwealth's motion.
>
> Following trial, a jury convicted Appellant of [possession of a controlled substance, delivery of a controlled substance,

---

[1] 42 Pa.C.S. §§ 9541-9546.

and criminal conspiracy[2]]. On November 14, 2012, the court sentenced Appellant to thirty-two (32) months to six (6) years' imprisonment for the conspiracy conviction at No. 315 of 2012. The court imposed a consecutive sentence of seven and one-half (7½) to fifteen (15) years' imprisonment for the drug convictions at No. 316 of 2012. Appellant timely filed post-sentence motions at both docket numbers on Monday, November 26, 2012, which included a challenge to the weight of the evidence. On November 30, 2012, the court denied the post-sentence motions. Appellant did not file a notice of appeal.

On January 3, 2013, Appellant filed a counseled motion for leave to file a notice of appeal *nunc pro tunc* at both docket numbers. That same day, the court granted Appellant's motion. Also on January 3, 2013, Appellant timely filed notices of appeal *nunc pro tunc* at both docket numbers… [T]his Court consolidated the appeals *sua sponte.*

***Commonwealth v. Young***, No. 40 WDA 2013, unpublished memorandum at 2-3 (Pa.Super. filed October 25, 2013).

On October 25, 2013, this Court affirmed Appellant's judgment of sentence. On September 29, 2014, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel on October 7, 2014. On January 22, 2015, Appellant's PCRA counsel filed a petition to withdraw along with a no-merit letter pursuant to ***Turner***[3] and ***Finley***.[4] That same day, the court issued a notice of intent to dismiss the petition without a hearing, pursuant to Pennsylvania Rule of Criminal Procedure 907. On

[2] 35 P.S. § 780-113(a)(16), (30), and 18 Pa.C.S. § 903, respectively.

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988).

[4] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

- 3 -

January 30, 2015, Appellant filed a response to the court's Pa.R.Crim.P. 907 notice, requesting the court appoint him new counsel to proceed with his appeal. On February 17, 2015, the court denied Appellant's request for additional PCRA counsel, dismissed Appellant's PCRA petition, and granted counsel's petition to withdraw.

On February 20, 2015, Appellant timely filed a *pro se* notice of appeal. On February 25, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and he timely complied on March 9, 2015.[5]

Appellant raises the following issues for our review:

> DID THE PCRA COURT ERR INSOFAR AS ADOPTING PCRA COUNSEL[']S "NO[-]MERIT" LETTER SEEKING THEN GRANTING WITHDRAWAL AS ATTORNEY FOR APPELLANT IN LIEU OF FILING A PCRA OPINION WHEN SUCH A PRACTICE DID NOT DEMONSTRATE IN THE CERTIFIED RECORD ON APPEAL THAT THE PCRA COURT CONDUCTED A MEANINGFUL INDEPENDENT REVIEW OF APPEAL ISSUES OF APPELLANT[?]
>
> WHETHER [PCRA] COUNSEL[']S PRETEXTED TENDERED DEFENSE AND PERFUNCTORY PERFORMANCE SUMMARIZED IN THE FOLLOWING DERELICTIONS OF DUTY AND BREACH OF PROFESSIONAL RESPONSIBILITY TO THE [LAWYER][-]CLIENT RELATIONS, RENDERED HIS BELOW EFFECTIVE ASSISTANCE, THAT FORFEITING AND DEPRIVING APPELLANT OF HIS RIGHT TO A MEANINGFUL REVIEW UNDER THE [PCRA]?
>
> WAS TRIAL COUNSEL INEFFECTIVE IN FAILING TO ADVISE APPELLANT OF [THE POSSIBILITY] OF [A] 15 YEAR MAXIMUM SENTENCE AS HE WAS GIVEN [AND] PREVENTING HIM FROM ACCEPTING THE 5 YEAR

---

[5] The PCRA court filed a Pa.R.A.P. 1925(a) opinion on March 12, 2015.

MAXIMUM OFFERED IN A PLEA DEAL [WHEN] APPELLANT WAS UNDER THE IMPRESSION THAT 5 YEARS WAS THE ABSOLUTE MAXIMUM SENTENCED ALLOWED?

WAS TRIAL COUNSEL INEFFECTIVE IN FAILING TO CHALLENGE [NUMEROUS] ASPECTS OF APPELLANT'S SENTENCE WHICH WERE UNREASONABLE, AND BASED ON INCORRECT INFORMATION WHICH RESULTED IN AN EXCESS[IVE SENTENCE]?

WAS TRIAL COUNSEL INEFFECTIVE IN FAILING TO CHALLENGE AND PRESERVE APPELLANT[']S SIXTH AMENDMENT RIGHT TO CONFRONT WITNESS[ES] WHEN [THE] TRIAL COURT UNCONSTITUTIONALLY ALLOWED INTRODUCTION OF AFFIDAVIT TO LAB REPORTS OF NON TESTIFYING WITNESS[?]

DID THE PCRA COURT ERR [IN] DENYING APPELLANT PCRA RELIEF WITHOUT AN [EVIDENTIARY] HEARING ON APPELLANT'S PCRA CLAIM OF TRIAL COUNSEL[']S INEFFECTIVENESS?

Appellant's Brief at ii.[6, 7]

Our standard of review is well settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted).

---

[6] We note that Appellant failed to provide a statement of questions involved as required under Pa.R.A.P. 2116. His table of contents indicates that the "Statement of Questions Involved" will appear on page v, but page v is not included in his brief. However, because he has identified the specific issues he asks us to review in his "Table of Contents" section, his failure to comply with Pa.R.A.P. does not impede our ability to review the issues. Accordingly, we will address the merits of Appellant's claims. *See Commonwealth v. Long*, 786 A.2d 237, 239 n.3 (Pa.Super.2001) *aff'd,* 819 A.2d 544 (Pa.2003).

[7] We have re-ordered Appellant's issues for purposes of disposition.

"The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

In his first two issues, Appellant argues PCRA counsel failed to thoroughly investigate and amend the issues Appellant raised in his *pro se* PCRA petition and that counsel failed to find and raise additional issues of merit. He further contends the PCRA court impermissibly relied on PCRA counsel's "no-merit" letter when denying Appellant's petition instead of conducting an independent review of the record. Appellant concludes the PCRA court erred in denying his petition and granting counsel's motion to withdraw, and that we should remand so that he can have effective assistance of counsel on collateral review. We disagree.

Our Supreme Court has explained the procedure required for court-appointed counsel to withdraw from PCRA representation:

> [*Turner* and *Finley*] establish the procedure for
> withdrawal of court-appointed counsel in collateral attacks
> on criminal convictions. Independent review of the record

by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:

1) A 'no-merit' letter by PCRA counsel detailing the nature and extent of his [or her] review;

2) A 'no-merit' letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's 'explanation', in the 'no-merit' letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa.2009) (citations omitted). In addition, this Court has required that PCRA counsel who seeks to withdraw must:

contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply the petitioner both a copy of the 'no-merit' letter and a statement advising the petitioner that, in the event the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Commonwealth v. Friend*, 896 A.2d 607, 614 (Pa.Super.2006) (emphasis deleted). Further,

[i]f counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. *Commonwealth v. Mosteller*, 633 A.2d 615, 617 (Pa.Super.1993). Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request

or an advocate's brief. ***Commonwealth v. Karanicolas***, 836 A.2d 940, 948 (Pa.Super.2003).

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. ***Mosteller***, 633 A.2d at 617. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721-22 (Pa.Super.2007).

Instantly, PCRA counsel complied with ***Turner*** and ***Finley***. His twenty (20) page "no-merit" letter details the nature and extent of his review by stating he interviewed Appellant and reviewed Appellant's PCRA petition, docket entries, the case file, all pleadings, court orders, Appellant's prior record, and the relevant statutory law and case law. No-Merit Letter, filed January 22, 2015, at 1. Counsel listed each of the seventeen issues Appellant raised in his *pro se* PCRA petition and explained, with references to relevant law and the record, why each of Appellant's issues lacked merit. No-Merit Letter at 3-20. Counsel then stated that, after meaningful review, he determined there were no additional issues to raise that had any merit. No-Merit Letter at 20.

Along with his "no-merit" letter, counsel filed a petition to withdraw and supplied Appellant with a copy of the "no-merit" letter and a statement advising Appellant that, in the event the court granted counsel's application

to withdraw, he had the right to proceed *pro se* or with the assistance of privately retained counsel. Therefore, we conclude that PCRA counsel has satisfied the requirements of **Turner** and **Finley**.

The PCRA court then issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition, finding that, after consideration of the "no-merit" letter and the PCRA court's "own independent review," the Appellant's issues lacked merit. PCRA Order, filed January 22, 2015. On February 17, 2015, the PCRA court dismissed Appellant's petition:

> **AND NOW,**, this **17th day of February 2015**, for the reasons articulated in PCRA counsel's Petition to Withdraw/No-Merit letter, which clearly outlines why the defendant is not entitled to PCRA relief, it is hereby **Ordered** and **Decreed** that his PCRA petition is **DISMISSED.**

Opinion and Order Dismissing PCRA Petition, filed February 17, 2015.

Appellant complains the PCRA court should have issued an opinion instead of relying on PCRA counsel's "no-merit" letter, and that its decision to rely on the "no-merit" letter indicates the PCRA court did not conduct an independent review of the record. Appellant is incorrect.

The PCRA court stated in its Pa.R.Crim.P. 907 notice that it had conducted an independent review of the record. PCRA counsel's "no-merit" letter thoroughly analyzed each of Appellant's extensive issues with references to the record and explained how counsel found no additional issues of merit. The PCRA court did not err by adopting PCRA counsel's articulated reasons for dismissing Appellant's petition, and it did not err in

granting counsel's petition to withdraw. We shall now address the merits of Appellant's other claims.

In his next three issues, Appellant challenges the effectiveness of his trial counsel.

This Court follows the *Pierce*[8] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different…

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). "[C]ounsel is presumed to be effective, and a petitioner must overcome that presumption to prove the three *Strickland*[9]/*Pierce* factors." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa.2013) (citation omitted). "If an appellant fails to prove by a

---

[8] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa.1987).

[9] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

preponderance of the evidence any of the ***Pierce*** prongs, the Court need not address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

First, Appellant claims that if he had known the maximum sentence for his crimes, he would have entered into a plea deal with the Commonwealth. He contends the Commonwealth offered him a two and one half (2½) to five (5) year sentence in exchange for a guilty plea that he would have taken if he had known that he could have received a fifteen (15) year sentence. He argues his trial counsel was ineffective for failing to advise him of the length of the maximum sentence allowed for his crimes.

Appellant has waived this issue because he failed to include it in his PCRA petition or his Pa.R.A.P. 1925(b) statement. ***See Commonwealth v. Jones***, 912 A.2d 268, 278 (Pa.2006) ("[A]n issue is waived where it was not presented in the original or amended PCRA petition below."). Moreover, our independent review of the record did not reveal evidence of a possible plea bargain with the Commonwealth. Thus, Appellant's issue merits no relief.

Next, Appellant contends his trial counsel was ineffective for failing to challenge the discretionary aspect of his sentence. We disagree.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super.2011). Further:

A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted).

"An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (internal citations omitted).

Additionally:

In determining whether a substantial question exists, this Court does not examine the merits of whether the

sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa.Super.2013), *reargument denied* (Nov. 21, 2013), *appeal denied*, 91 A.3d 161 (Pa.2014) (internal citations omitted).

Appellant argues his claim that the sentencing court failed to consider his rehabilitative needs along with his claim that his sentence is "unduly excessive" presents a substantial question for our review.

This Court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (quoting ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa.Super.2005)). This Court has also held that a challenge to the imposition of consecutive sentences "as unduly excessive, together with [a] claim that the court failed to consider…rehabilitative needs upon fashioning its sentence, presents a substantial question." ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa.Super.2015).

Thus, Appellant's claim could have presented a substantial question for our review. However, even if Appellant's trial counsel had properly

preserved a challenge to the discretionary aspects of his sentence and raised a substantial question, his claim would have merited no relief.

When reviewing a challenge to the discretionary aspects of sentencing, we determine whether the trial court has abused its discretion. *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa.Super.2014). We observe:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Raven, supra.* at 1253 (quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super.2006)).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines." *Commonwealth v. Fullin*, 892 A.2d 843, 847-48 (Pa.Super.2006) (internal citations omitted).

Here, the sentencing court imposed an aggravated sentence of thirty-two (32) months to six (6) years' imprisonment for the conspiracy conviction. The sentencing court imposed a consecutive sentence of seven

- 14 -

and one-half (7½) to fifteen (15) years' imprisonment for his drug convictions, which was above the aggravated range. The sentencing court imposed these sentences after reviewing the pre-sentence investigation report and listening to Appellant's testimony. It stated its reasons for departing from the guidelines on the record and filed a contemporaneous written statement of reasons for departure above the guidelines pursuant to 42 Pa.C.S. § 9721(b).

The sentencing court provided the following reasons for sentencing Appellant:

1. [Appellant] is an inter-county drug dealer.
2. [Appellant] made three separate deliveries of heroin to Russel Peace but was only charged with one.
3. [Appellant] and Anthony Harris engaged in the criminal enterprise of dealing drugs.
4. [Appellant] and his business partner dealt drugs for several weeks to many individuals in Punxsutawney.
5. [Appellant] was on probation at the time of this offense.
6. [Appellant] is a poor candidate for rehabilitation having been in Summit Academy as a juvenile and participating in many programs and probation without being successful as he is still engaged in the business of drug dealing.
7. [Appellant] shows no remorse.
8. [Appellant] is disrespectful to authority.

Contemporaneous Written Statement of Reasons for Departure above the Guidelines, filed November 15, 2012.

The sentencing court provided sound reasoning for its decision to depart from the guidelines that reflected consideration of the sentencing guidelines, the protection of the public, the gravity of Appellant's offenses in

relation to the impact on the community, and Appellant's rehabilitative needs and lack of success with probation. Thus, the sentencing court did not abuse its discretion in sentencing Appellant, and any claim challenging the discretionary aspects of his sentence would have failed. **See Fullin, supra.** Trial counsel was not ineffective for failing pursue a claim without merit. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa.2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim."); **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa.Super.2008) ("[I]f the PCRA court can determine from the record that the sentence was not excessive, or that adequate reasons were placed on the record for exceeding the sentencing guidelines, then there is no underlying merit to the ineffectiveness claim and the claim must fail.").

Next, Appellant claims trial counsel was ineffective for allowing introduction of the affidavits of the lab analyst when the lab analyst did not testify at trial. He argues that the affidavits were testimonial in nature, and that trial counsel's failure to object to the introduction of testimonial evidence that violated his Sixth Amendment right to confront witnesses against him prejudiced him. We disagree.

This Court has recognized that "an analyst's certification prepared in connection with a criminal investigation or prosecution ... is 'testimonial,' and therefore within the compass of the Confrontation Clause." **Commonwealth v. Yohe**, 39 A.3d 381, 386 (Pa.Super.2012) *aff'd,* 79 A.3d

520 (Pa.2013) (quoting ***Bullcoming v. New Mexico***, ___ U.S.___, 131 S.Ct. 2705, 2713-2714, 180 L.Ed.2d 610 (2011)). Further, "[a]s a rule, if an out-of-court statement is testimonial in nature, it may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had a prior opportunity to confront that witness." ***Id.***

In this case, the Commonwealth introduced a lab report that indicated the substance of the controlled buy was heroin, and the lab analyst did not testify. Defense counsel, however, had no reason to object to the introduction of the lab report because Appellant was not arguing that the substance sold was not heroin. Appellant admitted that someone was selling heroin, but claimed it was not him, and the Commonwealth's evidence did not prove his guilt beyond a reasonable doubt. ***See*** N.T., 11/13/12, at 121.

Further, counsel's failure to object to the admission of this testimony did not prejudice Appellant. In addition to introducing the lab report, the Commonwealth presented seven witnesses who testified against Appellant, four of whom testified that the substance in question was heroin. ***See*** N.T. at 21, 41, 51, 78. Thus, Appellant's ineffective assistance of counsel claim fails. ***See Spotz***, 896 A.2d at 1231 ("A defendant is not prejudiced by the failure of counsel to present merely cumulative evidence.").

In his final issue, Appellant claims the PCRA court erred in denying him relief without an evidentiary hearing. Again, we disagree.

"There is no absolute right to an evidentiary hearing." *Commonwealth v. Burton*, 2015 PA Super 176, *2, ____ A.3d ____ (filed August 25, 2015) (*en banc*). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa.Super.2008) (quoting *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa.Super.2008), *appeal denied,* 956 A.2d 433 (Pa.2008)). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Burton, supra* (quoting *id.*).

Here, as discussed *supra*, Appellant presented no genuine issues of material fact. Thus, the PCRA court did not err in denying Appellant's PCRA petition without conducting an evidentiary hearing, and his final issue merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015

- 18 -